CASE et al. v. L'OEBLE et al.

(Circuit Court, E. D. Pennsylvania.    December 24, 1897.)

No. 54.

1. CONTRACT—BAILMENT—CONDITIONAL SALE.
Whether a contract for the construction and erection of fixed machinery, which, for its successful operation, must be attached to the freehold, is a bailment or a conditional sale, depends upon the intent of the contracting parties, as disclosed by the contract and the evidence.

2. SAME.
A contract provided for the erection, by the maker, of a refrigerating plant on the premises of the other party, and for the lease of the plant to the latter for a monthly rental; gave the maker the right to re-enter and remove the plant on nonpayment of rent; stipulated that on payment

of such a sum as, with the rentals theretofore paid, should amount to the value of the plant, the maker should give the owner of the premises a bill of sale for the same; and declared that "no title, either legal or equitable," in the plant, should vest in the owner of the premises, "except as lessee under this agreement," and that "all moneys paid or to be paid shall be paid as rent, only, until the privilege of purchasing herein mentioned has been accepted." *Held,* that the contract was a bailment, and not a conditional sale.

3. CONTRACT—BAILMENT—RIGHTS OF SUBSEQUENT MORTGAGEES.

Where, under a contract of bailment, merely, machinery is delivered, and subsequently the bailee places upon the premises a mortgage, which includes, in general terms, all machinery and appliances thereon, no property in the machinery so delivered passes to the mortgagee, nor to any one purchasing at sheriff's sale upon foreclosure of his mortgage. The fact that the mortgagee had no knowledge of the bailment until after the consideration for the mortgage had passed is immaterial.

This was an action of replevin to determine the title to a refrigerating plant. All the defendants pleaded the general issue, and one of them (Frederick Albert L'Oeble) pleaded, in addition, property in himself.

At the trial it appeared that Frank X. Rieger, the owner of a brewing plant, procured from the Case Refrigerating Machine Company, under an agreement dated 16th January, 1893, a refrigerating plant. The plant was attached to the freehold, to the extent necessary for its safe operation. Subsequently Rieger mortgaged the premises and the improvements thereon. No notice of the interest of the Case Refrigerating Machine Company in the refrigerating plant was given to the mortgagee until after the consideration of the mortgage had passed. Upon foreclosure of the mortgage, the property was bought in by F. A. L'Oeble, one of the defendants. Questions of fact, as to whether the contract was not a mere cover for a previous actual sale, and as to the value of the plant delivered, were decided by the jury adversely to the defendants. The court at the trial instructed the jury that the contract was one of bailment, and not of conditional sale. Upon argument of the motion for a new trial, the correctness of this construction was challenged. The material paragraphs in the contract were as follows:

"That the said party of the first part hereby agrees to construct and erect at the premises of the party of the second part, and to lease and hire unto him, a complete Case refrigerating plant, hereinafter described, of the value of thirty-eight hundred dollars, for the term of two years from this date, at the monthly rental of one hundred and fifty dollars, to be paid by the party of the second part to the party of the first part at the times and in the manner hereinafter provided. * * * The said party of the second part will pay unto the party of the first part, as consideration for the said plant, the sum of five hundred dollars during the first month while the machine is being erected, and the sum of one hundred and fifty dollars for every following month, in rental payments, until the expiration of this lease.

"The party of the second part further agrees that, if the payments as herein specified remain unpaid for the period of thirty days after such payment may become due, that then the party of the second part will, and hereby does, permit and authorize the party of the first part, or its agents, and such help as may be necessary, to enter into and upon any premises where the above-specified machine may be found, and, without let or hindrance, remove the same, and repossess itself thereof.

"The party of the first part agrees that if the party of the second part at any time during the term of this lease wishes to purchase the above-specified machine and appliances, and will pay or cause to be paid to the party of the first part such sum of money as, with the amount of moneys paid as rent or hire, will amount to the sum total of thirty-eight hundred dollars, lawful money of the United States, then the party of the first part, upon receipt of said payment, will make and deliver to party of the second part a complete bill of sale of said machine and appliances.

"But it is distinctly understood by both parties that no title, either legal or equitable, to or in the above-specified machine and appliances, shall vest in the party of the second part, except as lessee, under this agreement, and that all moneys paid or to be paid shall be paid as rent, only, until the privilege of purchasing herein mentioned has been accepted, and the terms as above specified are complied with."

R. M. Schick, for plaintiff.

William C. Hannis, for defendant.

DALLAS, Circuit Judge. Upon the trial of this case the presentation of evidence was not concluded until about the hour of adjournment on the last day of the week assigned for jury trials; and, as there was no other case for trial, counsel, to relieve the jury from returning on the following Monday, waived discussion; but at the same time they submitted points for charge, to the number of five on behalf of the plaintiff, and ten on behalf of the defendant, which, together, covered six typewritten pages of foolscap paper. It was, under the circumstances, of course, not possible to answer the points with particularity, but I said:

"I will ask the stenographer to note that certain points have been presented on either side, which it has been impracticable for the court to separately consider in the haste of trial, and which, except as affirmed or denied in the general charge, may be marked as declined."

To this action with respect to defendant's points, his counsel asked and was allowed an exception; but inasmuch as, in my opinion, the law upon every matter material to the issue was correctly stated in the general charge, the omission to answer defendant's points categorically cannot be said to have occasioned him any injury. In the brief now presented, his learned counsel states that the questions involved (apart from that relating to the damages) are:

"(1) Was the contract under which the plaintiff claimed a contract of bailment, or was it a sale of property, with a reservation of title as security for the purchase money? (2) Even though it were a bailment, and therefore valid as between the original parties, under the law of Pennsylvania is not the plaintiff estopped from asserting his title as against the mortgagee, or other purchaser for value without notice?"

The charge adequately, though hastily, dealt with the law applicable to both of these questions, and to the entire case. Therefore, I repeat, the declination of the court to answer the several points specifically was not error. Improvement Co. v. Stead, 95 U. S. 161; Railroad Co. v. Friel, 23 C. C. A. 679, 77 Fed. 1007. The contract in question I held to be one of bailment, and instructed the jury accordingly. There was no evidence whatever to warrant a doubt as to its having been so intended, and that such was the effect of its terms, under the law, I believed was established by the authorities. The charge to the jury, therefore, was absolute and binding, that, except by way of bailment, no title to the refrigerating apparatus, which was the subject of contract, passed by virtue of its provisions, and of the delivery made in pursuance thereof. There was some testimony which, it was claimed, tended to show that the machine had been actually sold and delivered prior to the making of this contract; and, with reference to that evidence, the jury were told, in sub-

stance, that if there had in fact been a previous absolute sale, and the written agreement was subsequently made for the purpose of giving a false color to the transaction, the writing would be fraudulent, and could not avail the plaintiff. The question of fact was distinctly left to the jury, though with the statement, emphatically made by the court, that in its opinion the evidence for plaintiff was entitled to the greater weight. I still think that this opinion was amply warranted, and have no doubt that it was rightfully and competently expressed. Car Co. v. Harkins, 17 U. S. App. 22, 5 C. C. A. 326, 55 Fed. 932.

That the intent of the parties to the agreement was that the refrigerating plant should not be or become a part of the realty, plainly appears upon the face of the instrument itself. There was no testimony to the contrary, and, indeed, this fact was, at least tacitly, conceded. But it was and is insisted that the machinery was so annexed to the freehold as to make it, regardless of intent, a part thereof. I cannot, however, assent to this proposition, either as one of fact or of law. As matter of fact, it was conclusively shown that the machinery was not permanently attached, but in such manner only as was necessary to retain it in place, and by such means as admitted of its removal without substantial injury either to it or to the building. As matter of law, I remain of the opinion which I expressed upon the trial, that upon this subject the controlling consideration in this case is the intent of the parties, and not the character of the annexation.

The defendant having moved for a new trial, that motion has been ably argued at bar, and there have been submitted very thorough briefs upon both sides. These, and the authorities to which they refer, have been carefully examined; but I am not convinced that the view I took of the case upon the trial was incorrect, or that it was insufficiently presented to the jury.

The damages assessed are somewhat larger in amount than the court, if that matter had been for its determination, would have awarded; but there was substantial evidence to support the assessment made, and I do not think I would be justified in holding it to to be unreasonable, especially in view of the fact that I pointedly cautioned the jury against rendering an excessive verdict. It must be assumed that they regarded this caution, and rightly judged the evidence. It is proper to add, in this connection, that what was said in the charge as to the plaintiff being entitled to interest was said in pursuance of a suggestion of counsel for plaintiff which was acquiesced in by counsel for defendant, and not as accurately expressing the court's understanding of the law. It was not excepted to, and is not now complained of. The defendant's rule for a new trial is discharged.